UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TRAVELERS PROPERTY CASUALTY
OF AMERICA,

        Plaintiff/
        Counter-Defendant,

v.

THE EYDE COMPANY,

        Defendant/
        Counter-Claimant,

and

LOUIS J. EYDE LIMITED FAMILY
PARTNERSHIP and GEORGE F. EYDE
LIMITED FAMILY PARTNERSHIP,

        Counter-Claimants.
_____/

Case No. 5:05-CV-168

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Defendant/Counter-Claimants The Eyde Company, Louis J. Eyde Limited Family Partnership and George F. Eyde Limited Family Partnership's (collectively "Defendants") Motion for Reconsideration and/or to Alter, Amend or Obtain Relief from the January 9, 2007 Judgment in favor of Plaintiff. Defendants bring this Motion pursuant to Federal Rules of Civil procedure 59(e) and 60(b), as well as Local Rule 7.4(a). *See* W.D. MICH. LCIVR 7.4(a).

      Under Rule 7.4(a), Defendants must demonstrate that the Court's Judgment suffers from a palpable defect, and must "also show that a different disposition of the case must result from a correction thereof." W.D. MICH. LCIVR 7.4(a). Pursuant to Federal Rule of Civil Procedure 59(e), Defendants' Motion must clearly either establish a manifest error of law, present newly discovered

evidence, indicate an intervening change in controlling law, or demonstrate a manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). However, motions under Rule 59(e) are not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citations omitted). Defendants have also moved generally under Rule 60(b) for relief. "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of [its] case are within one of the enumerated reasons contained in Rule 60(b) [to] warrant relief from judgment." *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)).

Defendants assert the Court erred by not strictly construing the collapse exclusion in Defendants' favor. This argument is without merit. The Court succinctly stated it viewed the facts in a light most favorable to Defendants and found where the exclusion was clear and unambiguous it must be enforced. (Op. at 8); *see also English v. Blue Cross Clue Shield of Mich.*, 688 N.W.2d 523, 537 (2004). Defendants also ask the Court to consider new evidence in its interpretation of the Travelers' policy. The new evidence Defendants request the Court consider is a separate insurance policy Defendants had with a different insurance company not implicated in this nor covering the same time period in question. However, where the Court has found the Travelers' policy language was unambiguous, considering such evidence would be in contravention of Michigan law. *See Universal Underwriters Ins. Co. v. Kneeland*, 464 Mich. 491, 496 (2001); *City of Grosse Pointe Park v. Mich. Mun. Liab. & Prop. Pool*, 473 Mich. 188, 199 (2005) (finding in the context of construing an insurance policy exclusion that "consideration of extrinsic evidence generally depends on some finding of contractual ambiguity.").

After review, the Court finds that Defendants' Motion has presented no new evidence, no change in law, or manifest injustice such that relief from the Judgment is necessary. Further, the Motion has also not shown that the Judgment suffers from a palpable defect such that a different disposition of the case should result or that relief is justified under any subsection of Rule 60(b). Indeed, Defendants have merely taken the opportunity to reargue their case to the Court.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant/Counter-Claimants The Eyde Company, Louis J. Eyde Limited Family Partnership and George F. Eyde Limited Family Partnership's Motion to Reconsider and/or Alter or Amend the Judgment (Dkt. No. 56) is **DENIED**.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
February 16, 2007  Richard Alan Enslen
  Senior United States District Judge